# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| WILLIAM LEROY JONES, JR., | Cause No. CV 10-00018-H-DWM-RKS |
| Plaintiff, | |
| vs. | |
| CITY OF HELENA DISTRICT ATTORNEY DAVID L. NIELSEN and CITY OF HELENA POLICE DEPARTMENT, | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| Defendants. | |

Pending are Plaintiff William Leroy Jones, Jr.'s Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint (Court Doc. 2).  This action presents a controversy over whether Defendants, acting under color of state law, violated Mr. Jones's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Jones submitted a declaration and supporting documents sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Mr. Jones's Complaint shall be deemed filed as of the date his Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court.  *See Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II.  STATEMENT OF CASE

### A.    Parties

Mr. Jones is pro se litigant residing in Helena, Montana.  He names Helena City Attorney David Nielsen and the City of Helena Police Department as Defendants.

### B.    Allegations

Mr. Jones alleges he was denied his right to a fair trial when City

Attorney David Nielsen denied him video evidence in his criminal trial. The documents attached to the Complaint indicate Mr. Jones was charged with obstruction of a police officer and assault on October 20, 2009. (Court Doc. 2-1, p. 8). Mr. Jones also attached a Notice of Sentencing setting his sentencing on the obstruction charge for April 21, 2010. (Court Doc. 2-1, p. 9).

Secondly, Mr. Jones alleges that on October 20, 2009, City of Helena Police Department Police Officers broke his rib and injured his shoulder and wrists when they hog tied him and threw him in jail.

## III. SCREENING PER 28 U.S.C. § 1915(e)(2)

### A.    Standard

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court to the extent the claims are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited

to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of their "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation

marks omitted).  The "plausibility standard" is guided by "[t]wo working principles."  *Iqbal*, 129 S.Ct. at 1949.  First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S.Ct. at 1949.  "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 129 S.Ct. at 1950.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth." *Iqbal, 129 S.Ct. at 1950*.  Legal conclusions must be supported by factual allegations.  *Iqbal, 129 S.Ct. at 1950*.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal, 129 S.Ct. at 1950*.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, 127 S.Ct. at 2200*; *Cf*. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)*.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez, 203 F.3d. at 1127* (quoting *Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)*).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE-CV-10-00018-H-DWM-RKS / PAGE 6

not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

### B.   Analysis

#### 1.   Defendant Nielsen

Mr. Jones alleges City Attorney David Nielsen denied him his right to a fair trial by not turning over requested video evidence during his criminal proceedings.  A prosecutor such as Mr. Nielson is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when they engage in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Specifically, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler*, 424 U.S. at 431.  Absolute immunity protects a prosecutor's activities unless the prosecutor steps outside their role as an advocate, such as acting as a complaining witness.  *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (prosecutor's act of personally certifying truthfulness of statements in

an application for an arrest warrant not protected by absolute
immunity).  Mr. Jones's allegations against Mr. Nielsen stem from his
activities intimately associated with the judicial phase of the criminal
process, i.e., turning over discovery.  Nothing in Mr. Jones's allegations
suggests Mr. Nielsen stepped out of his role as an attorney for the City.
*See* *Kalina*, 522 U.S. 118; *Imbler*, 424 U.S. at 430.  Therefore, Mr.
Nielsen is entitled to absolute prosecutorial immunity.

        In addition, Mr. Jones's claim against Mr. Nielsen amounts to an
attack on the validity of his underlying criminal proceedings, and as
such, is not cognizable under 42 U.S.C. § 1983 unless or until he can
show that conviction has been invalidated.  *Heck v. Humphrey*, 512 U.S.
477, 486-87 (1994).  In *Heck*, the United States Supreme Court held
that "in order to recover damages for an allegedly unconstitutional
conviction or imprisonment, or for other harm caused by actions whose
unlawfulness would render a conviction or sentence invalid, a § 1983
plaintiff must prove that the conviction or sentence has been reversed
on direct appeal," or otherwise declared invalid, called into question by
the issuance of a habeas writ, or expunged.  *Id.*  As Mr. Jones was

recently on this charge, it does not appear the conviction has been reversed or declared invalid.

*Heck* holds that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

Heck, 512 U.S. at 487 (emphasis added).

Were Mr. Jones to succeed in showing that Mr. Nielsen denied him his right to a fair trial, a judgment in his favor would "necessarily imply the invalidity" of Mr. Jones's conviction. *Heck*, 512 U.S. at 487. Thus, because Mr. Jones's claim alleges an unconstitutional criminal proceedings, and because he has not alleged that his conviction has been invalidated, a § 1983 claim for damages has not yet accrued and should be dismissed. *See Heck*, 512 U.S. at 489-90. This is not a defect which could be cured by amendment.

### 2.   City Police Department

Mr. Jones's allegations that his rib was broken and his shoulder and wrists were injured during the course of his arrest on October 20, 2009 may be sufficient to state a claim for excessive use of force.  But his allegations are insufficient to state such a claim against the Helena Police Department.

First, it is unclear whether the Helena City Police Department is even a suable entity.  A plaintiff must name as a defendant a person or entity which is capable of being sued.  Under Rule 17(b) of the Federal Rules of Civil Procedure, the Police Department's capacity to be sued in federal court is to be determined by Montana law.  However, there does not appear to be a clear decision on this issue under Montana law.[1]

---

[1]Numerous other jurisdictions have held that police departments are not suable entities.  See *Gotbaum v. City of Phoenix*, 2008 WL 4628675 (D.Ariz. Oct.17, 2008) (dismissing the City of Phoenix Police Department because it is not a jural entity); *Pierre v. Schlemmer*, 932 F.Supp. 278, 280 (M.D.Fla. 1996) ( " 'Where a police department is an integral part of the city government as the vehicle through which the city government fulfills it policing functions, it is not an entity subject to suit.' ") (citation omitted); *Jacobs v. Port Neches Police Dep't*, 915 F.Supp. 842, 844 (E.D.Tex. 1996) (sheriff's department was not a proper party to the suit because the county had not expressly " 'grant[ed] the servient agency with jural authority' ") (citation omitted); *Sullivan v.*

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-CV-10-00018-H-DWM-RKS / PAGE 10

Even assuming the Police Department may be sued in federal court (which has not been determined), Mr. Jones also failed to state specific allegations against this Defendant.  The Complaint does not explain what the Helena Police Department did to violate Mr. Jones's civil rights.  Mr. Jones's exact allegation is, "The City of Helena Police Department Police officers" injured him in the course of his arrest.  He makes no specific claims against the police department itself.

To establish liability against a municipal entity, a plaintiff must show that his constitutional rights were violated pursuant to a policy, practice, or custom of the municipality.  *Monell v. Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412

_____

*Chastain*, 2005 WL 354032, at *2 (W.D.Tex. Jan.4, 2005) (dismissing the City of Bandera Police Department  because "an entity without a separate jural existence is not subject to suit"); *Del Tufo v. Twp. of Old Bridge*, 278 N.J.Super. 312, 650 A.2d 1044, 1046 n. 1 (N.J.Super.Ct.App.Div. 1995) (" 'Old Bridge Township Police Department' is probably not a jural entity and is therefore probably not subject to suit in its own name.").  One exception is California where police departments can be sued as separate entities.  *See Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001)(a police department as defined under California law may be sued in Federal Court).

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-CV-10-00018-H-DWM-RKS / PAGE 11

(1989).  Mr. Jones has made no such allegation.

In *Monell*, the United States Supreme Court, announced the

following standard governing the liability of a municipality under §

1983:

> [A] local government may not be sued under § 1983 for an
> injury inflicted solely by its employees or agents.  Instead, it
> is when execution of a government's policy or custom,
> whether made by its lawmakers or by those whose edicts or
> acts may fairly be said to represent official policy, inflicts the
> injury that the government as an entity is responsible under
> § 1983.

*Monell*, 436 U.S. at 694, 98 S.Ct. 2018.

Therefore, liability under Section 1983 may not be predicated

upon a respondeat superior theory of liability.  *Monell*,  436 U.S. at 694.

That is, the Police Department cannot be held liable just because

individuals within that department may have violated an individual's

constitutional right.  They can only be held liable for an

unconstitutional custom, policy or practice.  Mr. Jones has not alleged

as such and therefore his claim is subject to dismissal.

Mr. Jones may try to cure this deficiency.  He may file an

amended complaint.  If he chooses to file an amended complaint, Mr.

Jones is advised that a plaintiff does not state a claim against an

individual defendant unless the plaintiff sets forth facts demonstrating

how each defendant caused or personally participated in causing a

deprivation of his rights.  *See, e.g.,* *Johnson v. Duffy*, 588 F.2d 740, 743-

44 (9th Cir. 1978); *Stevenson v. Koskey*, 877 F.2d 1435, 1438-39 (9th Cir.

1989).  Thus, as to each defendant he wishes to hold responsible, a

plaintiff must allege specific facts showing what that person did or did

not do, when and where, and how each defendant's action or inaction

caused or contributed to causing a violation of his civil rights.

Supervising officers can be held liable under section 1983 "only if

they play an affirmative part in the alleged deprivation of constitutional

rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). In order to be

liable, a supervising officer has to personally take some action against

the Plaintiff or "set in motion a series of acts by others . . . , which he

knew or reasonably should have known, would cause others to inflict

the constitutional injury." *Larez v. City of Los Angeles*, 946 F.2d 630,

646 (9th Cir. 1991) (internal quotations omitted).  The Ninth Circuit

has identified four general situations in which supervisory liability may

be imposed:

> (1) for setting in motion a series of acts by others, or
> knowingly refusing to terminate a series of acts by others,
> which they knew or reasonably should have known would
> cause others to inflict constitutional injury; (2) for culpable
> action or inaction in training, supervision, or control of
> subordinates; (3) for acquiescence in the constitutional
> deprivation by subordinates; or (4) for conduct that shows a
> reckless or callous indifference to the rights of others.

*al-Kidd v. Ashcroft*, 580 F.3d 949, 965 (9th Cir. 2009) (*citing Larez v.
City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)).

## IV.  CONCLUSION

### A.    Leave to Amend

Plaintiff's claims against Mr. Nielsen will be recommended for

dismissal based upon prosecutorial immunity and the <u>Heck</u> doctrine.

These are not defects which could be cured by further amendment.

Mr. Jones has failed to state a claim against the Helena Police

Department.  This defect might possibly be cured by further

amendment.  Therefore, Mr. Jones may file an amended complaint

regarding his excessive force claim.

Any amended complaint must consist of short, plain statements

telling the Court:  (1) the constitutional right Mr. Jones believes was

violated; (2) the name of the defendant(s) who violated the right; (3)

exactly what <u>each</u> defendant did or failed to do; (4) how the action or

inaction of that defendant is connected to the violation of Mr. Jones's

constitutional right; (5) when the alleged actions took place; and (6)

what injury Mr. Jones suffered because of that defendant's conduct.

*Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Mr. Jones must repeat this process for each defendant.

Conclusory statements are not enough, nor are declarations that all

defendants violated some law or statute.  Instead, Mr. Jones must

provide specific factual allegations for each element of each of his

claims, and he must state with specificity to which defendants each of

his claims apply.  If Mr. Jones fails to affirmatively link the conduct of a

defendant with an injury suffered by Mr. Jones, the allegation against

that defendant will be dismissed for failure to state a claim.

Rule 18(a) of the Federal Rules of Civil Procedure provides, "[a]

party asserting a claim, counterclaim, crossclaim, or third-party claim

may join, as independent or alternative claims, as many claims as it has

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE-CV-10-00018-H-DWM-RKS / PAGE 15

against an opposing party."  Therefore, Mr. Jones may bring multiple

claims against a single party, but unrelated claims against different

defendants belong in different lawsuits.  *See George v. Smith*, 507 F.3d

605, 607 (7th Cir. 2007).  All allegations must be set forth in numbered

paragraphs and if Mr. Jones has more than one claim based upon

separate transactions or occurrences, the claims must be set forth in

separate paragraphs.  Fed.R.Civ.P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of*

*Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002); Fed.R.Civ.P. 8; cf.

Fed.R.Civ.P. 9(b).  Mr. Jones's claims must be set forth in short and

plain terms, simply, concisely, and directly.  *See Swierkiewicz v. Sorema*

*N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002);

Fed.R.Civ.P. 8.  Mr. Jones should not include preambles, introductions,

argument, speeches, explanations, stories, griping, vouching, evidence,

attempts to negate possible defenses, summaries, and the like in his

amended complaint.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir.

1996); *see also Crawford-El v. Britton*, 523 U.S. 574, 597, 118 S.Ct.

1584, 140 L.Ed.2d 759 (1998) (reiterating that "firm application of the

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE-CV-10-00018-H-DWM-RKS / PAGE 16

Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

It is inappropriate to attach evidence to a complaint. *See* Rule 8 of Federal Rules of Civil Procedure. The Court will not be a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until they come into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). Now, the submission of evidence is premature because Mr. Jones must only state the basis for his relief. To summarize: in amending his complaint, Mr. Jones should simply state the facts alleging defendants violated his constitutional rights and refrain from submitting exhibits.

Mr. Jones's amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. If Mr. Jones fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Mr. Jones. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner &*

*Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Mr. Jones's amended complaint must be complete in itself without reference to any prior pleading. Once Mr. Jones files an amended complaint, the original pleading no longer serves a function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Only the original document must be filed; copies are not necessary.

## B.   Address Changes

At all times during the pendency of this action, Mr. Jones SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

## C.   Possible Dismissal

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-CV-10-00018-H-DWM-RKS / PAGE 18

If Mr. Jones fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik, 963 F.2d at 1260-61* (a district court may dismiss an action for failure to comply with any order of the Court).

Based on the foregoing, the Court issues the following:

## ORDER

1.  Mr. Jones's Motion for Leave to Proceed in forma pauperis (Court Doc. 1) is **GRANTED.**  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Court Doc. 2)  to remove the word "LODGED" and the Complaint is **DEEMED FILED** on April 14, 2010.

3.  On or before **May 28, 2010**, Mr. Jones may file an amended complaint.  If Mr. Jones chooses not to file an amended complaint he must file a notice with the Court indicating he wishes to proceed with his initial Complaint.

4.  The Clerk of Court is directed to provide Mr. Jones a form for filing an amended complaint.

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-CV-10-00018-H-DWM-RKS / PAGE 19

Further, the Court issues the following:

## RECOMMENDATIONS

Defendant Nielsen and Mr. Jones's claim regarding not being provided video evidence should be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Jones may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-CV-10-00018-H-DWM-RKS / PAGE 20

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of May, 2010.


*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-CV-10-00018-H-DWM-RKS / PAGE 21