# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| WILLIAM LEROY JONES, JR.,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF HELENA DISTRICT ATTORNEY DAVID L. NIELSEN and CITY OF HELENA POLICE DEPARTMENT,<br><br>          Defendants. | Cause No. CV 10-00018-H-DWM-RKS<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINTS |

This action presents a controversy over whether Defendants,

acting under color of state law, violated Mr. Jones's federal

constitutional rights thereby subjecting Defendants to liability under

42 U.S.C. § 1983.  Accordingly, the case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331.

On May 3, 2010, this Court issued an Order permitting Plaintiff William Leroy Jones, Jr. to file an Amended Complaint.  (Court Doc. 5). Mr. Jones filed an Amended Complaint on May 21, 2010.  Accordingly, the Court will now continue with the prescreening process as required under 28 U.S.C. §1915(a).

## I.  PARTIES

Mr. Jones' Amended Complaint names three police officers with the City of Helena Police Department:  Randy Ranalli, Robert Murphy, and Adam Shanks.

Although named in the original compliant, the City of Helena Police Department was not named in the Amended Complaint.  Mr. Jones was advised in the Court's prior Order that an amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  As the City was not named in the Amended Complaint, it will be recommended for dismissal.

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-
CV-10-00018-H-DWM-RKS / PAGE 2

## II.  ALLEGATIONS

In his Amended Complaint Mr. Jones alleges his Eighth Amendment rights were violated when on October 20, 2009, he was taken into custody by the Defendants, slammed to the ground, hog tied, and thrown in jail.  He contends his rib was broken and his shoulder and wrist were hurt.

In his request for relief, Mr. Jones states he does not want to be abused anymore.  He states he blames the clerk at the store where he was arrested more than the police officers because he went to the store to buy beer and the clerk refused to sell him beer because he was "intoxicated some."  (Court Doc. 6–Amended Complaint, p. 7).  He states the clerk told the police he threatened him with a gun and he didn't.  He states, "The police were only doing their job."  He does not blame them, he blames the clerk at the store.  (Court Doc. 6–Amended Complaint, p. 7).

## III.  ANALYSIS

" '[A]ll claims that law enforcement officers have used excessive force ... in the course of an arrest ... should be analyzed under the

Fourth Amendment 'reasonableness' standard.' " *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994)  (*quoting Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). The Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006).  Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397; *see also Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003).  The Court must balance the nature and quality of the intrusion against the countervailing governmental interests.

As set forth in the Court's prior Order, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The "plausibility standard" is guided by "[t]wo working principles." *Iqbal*, 129 S.Ct. at 1949.  First,

although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The Court must consider relevant factors to determine whether the use of force is supported including "whether a warrant was used, whether the plaintiff resisted or was armed, whether more than one

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-CV-10-00018-H-DWM-RKS / PAGE 5

arrestee or officer was involved, whether the plaintiff was sober, whether other dangerous or exigent circumstances existed at the time of the arrest, and the nature of the arrest charges." *Chew v. Gates*, 27 F.3d 1432, 1440, n. 5 (9th Cir. 1994). Moreover, " '[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Mr. Jones makes no allegation that the force used was unreasonable in light of the situation. In fact, the information attached to his complaint and his statements in his amended complaint belies such allegations. Mr. Jones attached to his original complaint a copy of two citations dated October 20, 2009. The first citation charged Mr. Jones with obstructing a police officer in violation of § 45-8-302. It states Mr. Jones "would not comply with lawful order to stop and kept approaching officers and would not comply while being handcuffed." (Court Doc. 2-1, p. 7). Mr. Jones also attached a Notice of Sentencing on the obstruction charge. (Court Do. 2-1, p. 9). Presumably, therefore, Mr. Jones was convicted of obstructing a police officer.

More important are Mr. Jones statements in his Amended Complaint that he does not blame the police officers and they were just doing their job.  That concession is the death knell of Mr. Jones' claims against the police.  If the officers were just doing their job, the use of force was not unreasonable and there is no federal claim for unreasonable force.  Mr. Jones' allegations stop short of the line between possibility and plausibility of entitlement to relief and should be dismissed.

## IV.  CONCLUSION

### A.    Leave to Amend

Mr. Jones has failed to state a claim upon which relief may be granted.  These are not defects which could be cured by further amendment.  As such, Plaintiff's Complaint should be dismissed.

### B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

(A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

Mr. Jones's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-
CV-10-00018-H-DWM-RKS / PAGE 8

Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Mr. Jones SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1.  Mr. Jones's Amended Complaint should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil

Procedure.

3.  The Clerk of Court should be directed to have the docket

reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A)

that any appeal of this decision would not be taken in good faith.  The

record makes plain the instant Complaint is frivolous as it lacks

arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Jones may serve and file

written objections to these Findings and Recommendations within

fourteen (14) days of the date entered as indicated on the Notice of

Electronic Filing.  Any such filing should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those

portions of the Findings and Recommendations to which objection is

made.  The district judge may accept, reject, or modify, in whole or in

part, the Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge and

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-
CV-10-00018-H-DWM-RKS / PAGE 10

may waive the right to appeal the District Court's order.  *Martinez v.*

*Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit

Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P.

4(a)(1), should not be filed until entry of the District Court's final

judgment.

DATED this 7th day of June, 2010.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge


FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-
CV-10-00018-H-DWM-RKS / PAGE 11